UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x

SAMUEL AARON LAURION,                    :
                                         :
                         Plaintiff,      :
                                         :         **ORDER GRANTING**
            -against-                    :       **PLAINTIFF'S MOTION**
                                         :        **TO DISMISS AND**
PHH MORTGAGE CORPORATION *et al.*,        :            **DENYING**
                                         :     **DEFENDANTS' MOTION**
                        Defendants.       :      **TO DISMISS AS MOOT**
                                         x
                                                  No. 23-CV-1561 (VDO)
----------------------------------------------------------------

**VERNON D. OLIVER**, United States District Judge:

Samuel Laurion brought this action against three loan-servicing companies in connection with a mortgage on a property in Colchester, Connecticut. He argues that the defendants violated his rights under the Truth in Lending Act. Laurion has filed a motion to dismiss his own case without prejudice because, he contends, a pending bankruptcy petition raising the same issues as this action should be resolved first. Defendants object to Laurion's motion. They agree that this action should be dismissed but argue that this dismissal should be *with* prejudice. The Court concludes that, at this preliminary stage, dismissal without prejudice is appropriate for this *pro se* action.

## I.     **BACKGROUND**

On October 4, 2021, a statutory warranty deed was executed conveying to Laurion the title to real property located at 8 White Oak Drive in Colchester, Connecticut.[1] (Compl., ECF No. 1,¶ 13; *see* Pl. Ex. B, ECF No. 14-2.) Eight days later, Laurion signed a promissory note for $482,000 in favor of Everett Financial, Inc. *d.b.a.* Supreme Lending ("Supreme Lending"). (Compl. ¶ 13; *see* Pl.'s Ex B, ECF No. 14-3.) Laurion secured the note with an open-end mortgage deed of the Colchester property with Mortgage Electronic Registration Systems, Inc.—Supreme Lending's nominee. (Compl. ¶ 14; *see* Pl.'s Ex. C, ECF No. 14-4.) On April 6, 2022, the mortgage was assigned to PHH Mortgage Corporation ("PHH"), a subsidiary of Ocwen Financial Corporation ("Ocwen"). (Compl. ¶¶ 8, 16; *see* Pl.'s Mot., ECF No. 14-1, at 2.)

On October 30, 2023, Laurion attempted to rescind the mortgage by sending PHH a notice of recission, alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. (Compl. ¶ 12; *see* Pl.'s Ex. 1, ECF No. 1-2, at 6–8.) Laurion received a notice from PHH on November 17, 2023, claiming that he had defaulted on the loan in July 2023. (Compl. ¶ 12; *see* Pl.'s Ex. 2, ECF No. 1-3.)

On November 29, 2023, Laurion filed this lawsuit against PHH, Ocwen, and Wilmington Trust, National Association. (Compl.) He claims that the defendants violated TILA by failing to provide adequate disclosures and seeks recission of the transaction, damages, and injunctive relief. (*Id.* at 6–7.) On June 5, 2024, six months after filing this suit,

---

[1] The facts giving rise to this action are recounted in this Order as described in Laurion's complaint, but nothing in this order should be construed as a finding by the Court as to the veracity of these allegations.

Laurion petitioned for Chapter 7 bankruptcy in United States Bankruptcy Court for the District of Connecticut. (Pl.'s Notice; ECF No. 27; *see In re: Samuel Aaron Laurion and Heather Renee Laurion*, Doc. No. 24-20521 (Bankr. D. Conn. 2024)).

The defendants have moved to dismiss the action in full. (Defs.' Mot. Dismiss, ECF No. 14.) Laurion initially opposed that motion (Pl.'s Mot. Summ. J., ECF No. 19), but has now filed a motion seeking to dismiss his own complaint without prejudice. (Pl.'s Mot. Dismiss, ECF No. 30.) Defendants oppose Laurion's motion to dismiss his complaint, and instead request that the Court dismiss Laurion's complaint with prejudice. (Defs.' Mot. Opp'n; ECF No. 31.)

## II.   **DISCUSSION**

Laurion seeks dismissal without prejudice because, he explains, this action and the bankruptcy proceeding present "overlapping" issues, and moving forward with this action may "interfere with, disrupt, or duplicate proceedings in the bankruptcy court." (Pl.'s Mot. at 1.) Defendants have filed a cursory opposition to Laurion's motion. They oppose Laurion's motion to the extent that it seeks dismissal *without* prejudice (Defs.' Mot. Opp'n at 1), and argue that (1) this civil action is stayed pending the closure of the bankruptcy matter and (2) that any risk of duplicative litigation is "wholly attributable to [Laurion] himself" because "he is the one that has filed multiple actions in two courts all related to the same mortgage." (*Id.*)

First, the Court does not agree with Defendants' assertion—made without citation to statute or caselaw—that this action is "stayed pending closure of the bankruptcy matter." (*See id.*) Defendants are of course correct that the filing of a bankruptcy petition implicates the "automatic stay" set forth in 11 U.S.C. § 362. That stay goes into effect immediately upon the filing of the bankruptcy petition. *Shimer v. Fugazy*, 982 F.2d 769, 776 (2d Cir. 1992). But the

automatic stay, by the statute's text, applies only to "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against* the debtor . . . or to recover a claim *against* the debtor." 11 U.S.C. § 362(a)(1) (emphasis added). Courts have interpreted this straightforward language to apply the automatic stay only to "litigation against the debtor or property of the estate." *In re Schneorson*, 645 B.R. 146, 158 (Bankr. E.D.N.Y. 2022).[2] This interpretation is consistent with "'[o]ne of the principal purposes of the automatic stay[,] to preserve the property of the debtor's estate for the benefit of all the creditors.'" *In re AMR Corp.*, 730 F.3d 88, 112 (2d Cir. 2013) (quoting *In re Prudential Lines Inc.*, 928 F.2d 565, 573 (2d Cir.1991)).

Where, as here, the petitioner in the bankruptcy action is the plaintiff in a civil action, applying the automatic stay to the civil action would instead run counter to the stay's purpose. That is, enforcing the stay against a civil action that does not risk diminishment of the estate's assets—but rather seeks to expand the estate's assets or to limit the estate's liabilities—does not "preserve the property of the debtor's estate" for the benefit of the creditors. For that reason, "[t]he Second Circuit has repeatedly held that where an action is commenced by, rather than against, a debtor, said action does not fall within the scope of the automatic stay." *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 523 (D. Conn. 2015) (collecting cases). Because Laurion is the plaintiff here, this action is not "against the debtor" within the meaning of Section 362(a)(1) and is not subject to the automatic stay.

---

[2] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions, and adopts alterations contained therein.

Because the matter is not stayed, the Court proceeds to the merits of Laurion's motion. Laurion seeks dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), which provides that, without an agreement to dismiss the case between the parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* Voluntary dismissal without prejudice is not a matter of right.[3] Still, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017). "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Am. Fed'n of State, Cty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12-CV-2237 (JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013).

"The focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant." *George v. Pro. Disbosables Int'l, Inc.*, No. 15-CV-3385 (RA), 2017 WL 1740395, at *2 (S.D.N.Y. May 2, 2017); *see also SEC v. Compania Internacional Financiera S.A.*, No. 11-CV-4904 (JPO), 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012) ("The most important inquiry remains whether the defendant will suffer substantial prejudice as a result of a dismissal without prejudice."). In this Circuit, "two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper."

---

[3] Laurion lost the right to voluntarily dismiss his action without a Court order on March 6, 2024, when the defendants filed a motion to dismiss. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *see also Baiul v. NBC Sports, a division of NBCUniversal Media LLC*, 708 F. App'x 710, 713 (2d Cir. 2017).

*Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011). The first line of authority "indicates that such a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* Defendants assert no such prejudice here, and the Court's review of the record reveals no evidence of any such prejudice, particularly in light of the ongoing bankruptcy proceeding.

The second line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Id.* (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). The *Zagano* factors include: "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Id.* "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Id.*

In *Zagano*, for example, the Second Circuit affirmed the district court's denial of the plaintiff's Rule 41(a)(2) motion. *Zagano*, 900 F.2d at 12–13. The Circuit Court concluded that granting the Rule 41(a)(2) motion would likely prejudice the defendant because the action had been pending for over four years and, during that time, extensive discovery had already taken place, requiring the defendants to expend substantial resources preparing for trial. *Id.* at 14. Further, the plaintiff in *Zagano* wholeheartedly prosecuted her claims until less than ten days before trial, when she filed her Rule 41(a)(2) motion. *Id.*

The first factor in the *Zagano* analysis—Laurion's diligence in bringing his Rule 41(a)(2) motion—counsels lightly against granting the motion. Laurion did not bring his motion for more than seven months after filing the bankruptcy action, which he claims was the

impetus for the instant motion.[4] But the touchstone of this inquiry is prejudice, and the defendants present no argument that, as a result of this delay, they would be prejudiced by dismissal. Nor is any such prejudice obvious from the docket, which demonstrates little action during this seven-month period. And, at bottom, Laurion's delay is far less substantial than, for example, the several years of litigation and delay in *Zagano*. *See also Baiul*, 708 F. App'x at 714 (finding an unexplained delay of more than two years to show lack of diligence).

The second factor—whether the movant exhibited vexatiousness in the litigation— weighs heavily in favor of granting Laurion's motion. In the context of Rule 41(a)(2) motions, vexatiousness refers to whether "the case was brought to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002), or the plaintiff had "ill-motive," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 5-CV-3939 (CM), 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008). Here, there is no evidence of either; and, once again, defendants provide no argument to the contrary. Defendants chide Laurion for bringing an action in the district court before bringing a subsequent bankruptcy action raising overlapping issues, but Laurion's course of action is understandable: A bankruptcy proceeding has a different purpose and implicates different potential relief than a standard civil action, and thus—absent specific evidence to the contrary—the filing of a bankruptcy action raising overlapping issues is not inherently redundant.

---

[4] "When assessing a plaintiff's diligence, courts consider the length of time the action has been pending." *In re Bank of Am. Mortg. Servicing S'holder Derivative Litig.*, No. 11-CV-2475 (WHP), 2012 WL 1506271, at *2 (S.D.N.Y. Apr. 4, 2012). However, where, as here, a change in circumstances prompts the motion, Courts determine diligence from the time of the intervening event. *See, e.g.*, *Paulino*, 320 F.R.D. at 110; *Ascentive, LLC v. Opinion Corp.*, No. 10-CV-4442 (ILG), 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012).

Moreover, in cases where, as here, a plaintiff seeks to dismiss an action to allow for resolution of other actions raising the same issues in pursuit of "the most efficient path to adjudication of [] claims on the merits," courts in this Circuit have not faulted the plaintiff for the possibility of multiple or successive actions. *Martinenko v. 212 Steakhouse, Inc.*, No. 1:22-CV-00518 (JLR), 2024 WL 4766912, at *3 (S.D.N.Y. Nov. 13, 2024); *see also Paulino*, 320 F.R.D. at 110–11. Though Defendants' motion to dismiss raised serious questions as to whether Laurion can assert claims under the TILA, *see* Pl.'s Mot. at 4–5 (discussing 12 C.F.R. § 1026.23(f)(1)), the Court finds no evidence that Laurion sought to harass the defendants or that he brought this action with ill-motive.

The third *Zagano* factor—"the extent to which the suit has progressed, including the defendant's efforts and expenses in preparation for trial," *Paulino*, 320 F.R.D. at 111—also weighs heavily in favor of granting the motion. "Courts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate." *Baldanzi v. WFC Holdings Corp.*, No. 07-CV-9551 (LTS), 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010). Faced with a suit that has not yet undergone "substantial discovery, summary judgment motion practice, or trial preparation," courts in this circuit have concluded that this factor favors dismissal without prejudice. *Am. Fed'n of State, Cty. & Mun. Employees*, 2013 WL 2391713, at *4; *see also Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2001) (finding that the third factor weighed in favor of granting plaintiffs' motion because "although the litigation has gone on for years, this claim has thus far not been litigated and only halting discovery has taken place"); *Hinton v. Monster Worldwide, Inc.*, No. 09-CV-2629 (PAC), 2009 WL 4249130, at *3 (S.D.N.Y. Nov. 24, 2009). Once again, defendants provide, and the record

likewise reveals, no evidence of substantial litigation efforts beyond filing a motion to dismiss. Accordingly, as to this singularly important factor, the Court concludes that the early stage of this litigation counsels heavily in favor of granting Laurion's motion.

The fourth factor—the duplicative expense of relitigation—also weighs in Laurion's favor. The possibility of future litigation does not, in and of itself, constitute legal prejudice. *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936) ("The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter.")). Applying a common-sense approach, courts have recognized that resources expended in the initial litigation could likely be of similar use in future relitigation: "Even if [the] plaintiff were to relitigate the remaining claims in a future action, whatever work defendants have done [on the case] can easily be used in a subsequent, similar action." *Ascentive, LLC*, 2012 WL 1569573, at *6 (cleaned up); *see also In re Fosamax Prods. Liab. Litig.*, No. 6-mdl-1789 (JFK), 2008 WL 5159778, at *4 (S.D.N.Y. Dec. 9, 2008) (granting a Rule 41(a)(2) motion even though the parties had engaged in significant discovery because those efforts would "remain of value" and "not need to be duplicated" upon refiling). As a result, the Court concludes that the fourth *Zagano* factor also counsels in favor of granting Laurion's motion.

The fifth and final *Zagano* factor—the adequacy of plaintiff's explanation for the need to dismiss—also weighs in Laurion's factor. Laurion, proceeding *pro se*, explains that he seeks dismissal to avoid inefficiency and disruption of the bankruptcy proceedings. (Pl.'s Mot. Dismiss at 1). Courts analyzing the fifth *Zagano* factor consider whether the explanation is "reasonable." *Ascentive, LLC*, 2012 WL 1569573, at *6. Laurion's explanation is

straightforwardly reasonable: the bankruptcy proceeding raises the same claims, and that proceeding centralizes resolution of Laurion's ongoing legal and financial issues. Defendants provide only two responses to this explanation: (1) that this matter is stayed—an explanation that is incorrect as a matter of law, as the Court has previously explained—and (2) that the only risk of duplicative litigation results from Laurion's filing of both a civil action and a bankruptcy action—which the Court has already concluded was reasonable. The defendants take issue with two additional explanations proffered by Laurion, which advance novel claims regarding mortgages more generally. (Defs.' Mot. Opp'n at 2.) But even assuming that Laurion's second and third explanations are entirely meritless, proffering these additional explanations does nothing to diminish the validity of his primary explanation. The Court thus concludes that the fifth factor weighs in favor of granting Laurion's motion.

Four of the five *Zagano* factors—including the most important factor—weigh in favor of granting Laurion's motion. That the *Zagano* factors so decisively point in Laurion's favor is reflective of Defendants' failure to establish that they would be prejudiced by the granting of Laurion's motion. Accordingly, the Court grants Laurion's Rule 41(a)(2) motion to dismiss this action without prejudice.

## III.  <u>CONCLUSION</u>

For the reasons set forth above, the Court **grants** Plaintiff's motion to dismiss this action without prejudice (ECF No. 30). Defendants' motion to dismiss (ECF No. 14) and Plaintiff's motion for summary judgment (ECF No. 19) are **denied** as moot.

The Clerk of Court is respectfully requested to enter judgment and to close this case.

**SO ORDERED.**

Hartford, Connecticut
February 13, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge